# UNITED STATES DISTRICT COURT

**EASTERN** DISTRICT OF **CALIFORNIA**

—oOo—

FILED
2005 MAR 23 A 8:37
CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

LANNIS T. YOUNG
7627 BOGEY COURT
SACRAMENTO, CALIFORNIA 95828

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 1: 05 MJ 00060 LJO

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about and between March 21, 2005 and March 22, 2005, in Stanislaus County, in the Eastern District of California defendant(s) did, (Track Statutory Language of Offense)

**Use of mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so.**

in violation of Title 18, United States Code, Section(s) 2422(b). I further state that I am a(n) Special Agent with the United States Department of Homeland Security/ICE and that this complaint is based on the following facts:

▸ Please see attached affidavit which is on the attached sheet and made part hereof.

_ Continued on the attached sheet and made a part hereof.

Signature of Complainant Mike Prado
U.S. Department of Homeland Security / ICE

Sworn to before me, and subscribed in my presence

March 23, 2005   at   Fresno, California

Date / City and State

Lawrence J. O'Neill
U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

County of Stanislaus                      Re: In Support of
                                          Criminal Complaint

                                      **Lannis T. YOUNG
                                       7627 Bogey Court
                              Sacramento, California 95828**

**AFFIDAVIT**

I, Mike Prado, being duly sworn, hereby depose and state as follows:

1. I am employed as a Special Agent (SA) with the United States Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), presently assigned to the Office of the Resident Agent in Charge, Fresno, California (RAC/Fresno). Among the responsibilities of ICE is the enforcement of federal criminal statutes involving the sexual exploitation of children under Title 18, United States Code, Section 2251, et seq. My responsibilities with ICE include investigations into the sexual exploitation of children within the Eastern District of California. I have been a Special Agent with ICE for approximately two and a half years. As part of my daily duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the coercion or enticement, via the Internet, of minors to engage in sexual activity, in violation of 18 U.S.C. §§ 2422(b). I have received training in the area of the investigation of child exploitation. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the United States Customs Service Basic Enforcement School, where I received extensive

1

training in the investigation of child sexual exploitation. I have also traveled to the ICE Cyber Smuggling Center (C3) in Fairfax, Virginia for a one week conference involving the investigation of child sexual exploitation. I possess an Associate of Arts Degree in Social Science from the College of the Sequoias (Visalia, California) and graduated Magna Cum Laude from Sonoma State University with a Bachelor of Arts Degree in History. Prior to becoming an ICE Special Agent, I was employed for approximately three years as an Investigator and Supervising Investigator with the Tulare County (California) District Attorney's Office.

    2. This affidavit is made in support of a criminal complaint for Lannis T. YOUNG of Sacramento, California for violating the following federal statute:

    18 U.S.C. §§ 2422(b), which makes it a crime to use the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so.

    3. The information contained in this Affidavit is based upon my personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents.

    4. On March 21, 2005, I received a telephone call from Detective Ken Hedrick of the Stanislaus County Sheriff's Department regarding an investigation he initiated earlier in the day on a subject suspected of attempting to coerce/entice a minor, via the Internet, to engage in illegal sexual activity. Detective Hedrick requested the assistance of your Affiant and ICE in furtherance of his investigation. According to

Detective Hedrick, with whom your Affiant has previously jointly worked numerous child sexual exploitation investigations, he had been engaging in a sexually explicit chat session, via America Online Instant Messenger, earlier in the day with an individual utilizing the AOL screen name BLUEYOUNGBLUE05.

5. The chat session, a log of which was later provided by Detective Hedrick to your Affiant, began on March 21, 2005 at approximately 0905 hours. According to Detective Hedrick, on the morning of March 21, 2005, he was acting in an undercover capacity utilizing the AOL screen name H20SKIBABE while in an AOL chat room titled "Sacramento." In furtherance of his undercover identity, Detective Hedrick has an online profile, which is publicly available for other AOL subscribers to view, for H20SKIBABE that states he is a girl named "Sarah" who attends seventh grade in Turlock, CA.

6. The chat session, the recorded log of which was later viewed by your Affiant, revealed that at 0905 hours a subject utilizing the screen name BLUEYOUNGBLUE05 initiated an online conversation by introducing himself as "Jalen" and asking "Sarah," (H20SKIBABE/Detective Hedrick) if she wanted to "chat." "Sarah"/Detective Hedrick responded that he did. Almost immediately in the conversation BLUEYOUNGBLUE05 asked Sarah/Detective Hedrick how old she was, to which Detective Hedrick responded that he was thirteen years of age. BLUEYOUNGBLUE05 stated he was a 23 year old black male college student at the University of California Davis and was 6'0" 185 pounds. BLUEYOUNGBLUE05 then pointedly asked Sarah/Detective Hedrick if she "like(d) to fuck or are you still a virgin?," to which Sarah/Detective Hedrick responded that she was. BLUEYOUNGBLUE05 then began engaging Detective Hedrick in sexually explicit conversation in which he began asking sexually

3

graphic questions. Specifically, BLUEYOUNGBLUE05 asked Sarah/Detective Hedrick if she had ever had her "pussy licked," or been "fingered before." During the conversation BLUEYOUNGBLUE05 asked Sarah to send him, via email, photographs of herself. Detective Hedrick, acting in an undercover capacity, complied and sent clothed photographs of a female minor, approximately thirteen years of age. The photographs have previously been utilized by Detective Hedrick in other investigations and are of a Turlock Police Department dispatcher when she was a juvenile. The dispatcher previously provided the photographs to Detective Hedrick to assist him in his undercover investigations. BLUEYOUNGBLUE05 later acknowledged receipt of the photographs by stating that he liked them and that Sarah was a "hottie."

7. During the conversation BLUEYOUNGBLUE05 continuously engaged Sarah/Detective Hedrick in sexually graphic conversation and began to ask specific questions regarding the color of "Sarah's" pubic hair and if she had ever performed oral sex before. Later in the conversation BLUEYOUNGBLUE05 then asked if he could meet her the next day and have sex with him. Detective Hedrick then asked BLUEYOUNGBLUE05 if he cared that "she" was thirteen, to which he (BLUEYOUNGBLUE05) responded, "No." BLUEYOUNGBLUE05 then arranged with Sarah/Detective Hedrick to meet on March 22, 2005 at 10:00 a.m. at a Del Taco on Fulkerth Road Turlock, where they would proceed to a hotel to engage in sex. During the conversation BLUEYOUNGBLUE05 specified that he would bring condoms so that they could engage in sex and that he would be driving a gray Honda Civic. BLUEYOUNGBLUE05 then proceeded to graphically describe what he would like to do sexually with "Sarah" on March 222, 2005, including performing

4

oral sex on one another and engaging in sexual intercourse. The conversation ended at approximately 11:08 a.m.

8. At approximately 1340 hours, BLUEYOUNGBLUE05 sent an Instant Message to Sarah/Detective Hedrick asking what "she" was up to. BLUEYOUNGBLUE05 then proceeded to again engage Detective Hedrick in a sexually explicit online conversation and confirm that "she" would meet him for the purposes of engaging in sexual activity on March 22, 2005. The chat session was concluded at approximately 1421 hours.

9. At approximately 1528 hours another online conversation was conducted between "Sarah"/Detective Hedrick and BLUEYOUNGBLUE05, who stated that he was eagerly anticipating their meeting on March 22, 2005. During the conversation BLUEYOUNGBLUE05 began asking "Sarah" if she "shaved" her pubic hair and wanted to know how old she was when she began getting pubic hair. BLUEYOUNGBLUE05 then asked Sarah if she liked to have her breasts fondled. During the conversation BLUEYOUNGBLUE05 again verified that he had received the photographs sent by Detective Hedrick (referenced in paragraph number six of this Affidavit) and was informed that one of the images, which has been viewed by your Affiant and clearly depicts a juvenile, was taken as recently as one month ago. Also during the conversation, BLUEYOUNGBLUE05 stated he had a tattoo on his chest bearing the name "April." Also, throughout all of the conversations BLUEYOUNGBLUE05 repeatedly described himself as a black male. Towards the end of the conversation BLUEYOUNGBLUE05 again indicated that he would meet Sarah the next day. The conversation was terminated at approximately 1643 hours.

10. At approximately 2005 hours Detective Hedrick received an email on his AOL account H2OSKIBABE from BLUEYOUNGBLUE05 that

5

indicated he was still planning on meeting her at 10 a.m. the next day.

11. Subsequent to chatting with BLUEYOUNGBLUE0 Detective Hedrick contacted your Affiant and requested assistance from ICE. Detective Hedrick informed your Affiant that there was a high probability that the subject utilizing BLUEYOUNGBLUE05 would be arriving in Turlock to meet who he believed to be a thirteen year old girl for the purposes of engaging in sex.

12. In furtherance of this investigation, on March 22, 2005, at approximately 0920 hours, your Affiant and ICE Special Agent Calvin Williams participated with Stanislaus County Sheriff's Detectives in a surveillance of the Del Taco parking lot, located on Fulkerth Road in Turlock, CA. Upon arriving at the location to initiate a surveillance agents/detectives immediately observed a gray Honda Civic, with a California license plate of 3NND883, driving slowly through the Del Taco parking lot with a black male adult driving alone in the vehicle. A query of DMV records revealed that the car is registered to a Nakala Blue of Sacramento, CA. Agents/detectives immediately noticed a correlation between the last name of the registered owner and the screen name of the individual that had been chatting with Detective Hedrick (BLUEYOUNGBLUE05). Agents observed the vehicle slowly circle the parking lot and park at the Del Taco, where the driver remained in the vehicle for a period of approximately twenty minutes. At approximately 0940 the subject exited the vehicle and entered the Del Taco, where he was placed under arrest by Stanislaus County Sheriff's detectives who were located inside the restaurant.

13. Upon being placed under arrest the subject was identified as Lannis Tyrone YOUNG of 7627 Bogey Court,

Sacramento, CA. Agents/detectives immediately recognized a correlation between YOUNG'S last name and the screen name that Detective Hedrick had been engaging in chat sessions with (BLUEYOUNGBLUE05). YOUNG was informed that he was being placed under arrest for Enticement/Coercion of a Minor via the Internet and was asked by your Affiant if he would consent to a search of his vehicle. YOUNG provided consent and gave the keys to the vehicle to your Affiant. Upon opening the passenger side door of the vehicle your Affiant observed a freshly opened three pack of Trojan condoms lying on the front seat next to the box they were purchased in. A subsequent search of the vehicle yielded a receipt for the condoms from Wal-Mart in Turlock, indicating that they had been purchased earlier that morning at approximately 0845 hours. The condoms and the receipt were subsequently booked into evidence by your Affiant in furtherance of this investigation.

14. YOUNG was then transported to the Turlock Police Department by your Affiant and ICE Special Agent Calvin Williams. Upon arriving at the police station YOUNG was placed in an interview room and advised of his rights, per Miranda, by your Affiant. YOUNG waived his rights, both verbally and in writing, and agreed to an interview with your Affiant and Detective Hedrick. During the interview YOUNG initially denied knowledge of any sexually explicit chat sessions and stated that he was simply using the restroom at Del Taco after dropping off a co-worker who resides in Turlock. YOUNG stated he resides with his girlfriend, Nakala Blue, and his two young daughters, ages ten and three and initially vehemently denied traveling to Turlock to engage in sex with a thirteen year old girl. YOUNG did admit that he utilizes AOL, specifically the screen name BLUEYOUNGBLUE05.

15. During the interview your Affiant and Detective Hedrick confronted YOUNG with evidence of the chat sessions. YOUNG then provided a confession to your Affiant and Detective Hedrick, during which he admitted to traveling to Turlock with the intent to engage in sex with who he thought was a thirteen year old girl named "Sarah." YOUNG denied ever engaging in any previous related activity and stated that he never would have actually had sex with the girl. YOUNG was then confronted with the purchase of condoms and admitted that he did intend to have sex, for which he purchased the condoms earlier in the morning, but had second thoughts upon arriving at the Del Taco parking lot. YOUNG stated that prior to entering the Del Taco he had changed his mind about having sex because he knew it was "wrong" and stated he was simply entering the restaurant to use the bathroom. During the interview YOUNG admitted engaging in sexually explicit chat sessions on March 21, 2005 with who he thought was a thirteen year old girl and confessed to asking sexually graphic questions regarding oral sex and intercourse. YOUNG also confessed to sending an email to the "girl" at approximately 2005 hours on March 21, 2005 confirming that he would be traveling to meet her. YOUNG stated that prior to changing his mind he intended to meet the girl at the Del Taco and secure a hotel room to engage in sex with her. During the interview YOUNG, who was still under the impression that "Sarah" was a real child, wrote an apology letter to the parents of "Sarah," in which he stated he was sorry for what he had done and acknowledged that his conduct was "wrong."

16. Also during the interview YOUNG provided verbal, and later written, consent for agents/detectives to search and seize his computer located at his residence in Sacramento. YOUNG denied that any child pornography or other illegal material

8

would be located on the computer. Pursuant to this investigation, on March 22, 2005, Stanislaus County Sheriff's Detectives Lydell Wall and Larry Sikma contacted Nakala Blue and obtained YOUNG'S computer from his residence in Sacramento, CA. Upon securing a federal search warrant the computer hard drive will be subjected to an intensive computer forensic examination by a trained computer forensics examiner in furtherance of this investigation.

    17. YOUNG was subsequently transported by your Affiant and SA Calvin Williams to the Fresno County Jail, where he was booked for violation of 18 USC 2422, Enticement/Coercion, without incident.

    18. Because this affidavit is written solely for the purpose of establishing probable cause for issuance of a criminal complaint, not all results of this investigation have been included herein.

Wherefore, based upon the above facts and information, I submit there is probable cause to believe that defendant Lannis T. YOUNG has violated 18 U.S.C. Section 2422(b), which makes it a crime to use the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Mike Prado, Special Agent
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security


Sworn to before me, and subscribed in my presence,
This __23rd__ day of March, 2005.


_____
United States Magistrate Judge